IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONNIE BRAE FRUIT FARMS, INC. | : | No. 1:13-cv-687 |
| Plaintiff, | : | |
| v. | : | Hon. John E. Jones III |
| RAIN AND HAIL, LLC, and<br>ACE PROPERTY AND CASUALTY<br>INSURANCE COMPANY, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### May 1, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiff's Motion to Vacate Award of Arbitrator (Doc. 1). For the reasons set forth below, Plaintiff's motion shall be denied.

**I.  PROCEDURAL HISTORY**

On March 14, 2013, Plaintiff Bonnie Brae Fruit Farms, Inc. ("Bonnie Brae") initiated this case with the filing of the instant motion (Doc. 1). Bonnie Brae filed a brief in support of the motion (Doc. 3) on March 20, 2013. Defendants Rain and Hail, LLC ("R&H") and ACE Property and Casualty Insurance Company ("ACE")

1

filed a brief in opposition to the motion (Docs. 10, 11)[1] on April 12, 2013. On April 19, 2013, Plaintiff filed a reply (Doc. 12) and on April 23, 2013, Defendants filed a sur-reply (Doc. 13). Therefore, the pending motion has been fully briefed and is ripe for disposition.

## II.   STANDARD OF REVIEW

The Federal Arbitration Act identifies the limited circumstances under which a district court may vacate an arbitration award. An award may only be vacated where (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption by the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of a party to the arbitration; or (4) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. *See* 9 U.S.C. § 10(a). These four statutory grounds are the only bases upon which a court may vacate an arbitration award. *See Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).

In reviewing arbitration awards, "courts ... have no business weighing the merits of the grievance [or] considering whether there is equity in a particular

---

[1] Document 10 was filed by R&H. Document 11 was filed by ACE. However, both briefs are titled "Defendants' Brief in Opposition to Plaintiff's Motion to Vacate Arbitration Award" and their content appears to be identical.

claim." *United Paperworkers International Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 37 (1987). It is not enough to show that the arbitrator committed an error – or even a serious error. *See Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 130 S. Ct. 1758, 1767 (2010). In the absence of an allegation of dishonesty, "improvident, even silly, factfinding" does not provide a basis to vacate an award. *Misco*, 484 U.S., at 39. "It is irrelevant whether the courts agree with the arbitrator's application and interpretation of the agreement." *Arco-Polymers, Inc. v. Local 8-74*, 671 F.2d 752, 755 (3d Cir. 1982). So long as an arbitrator's decision can in any rational way be derived from the language and context of the agreement, that determination shall not be disturbed. *See Roberts & Schaefer Co. v. Local 1846, United Mine Workers*, 812 F.2d 883, 885 (3d Cir. 1987). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Players Assn. v. Garvey*, 532 U.S. 504, 509 (2001) (quoting *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)).

## III.    FACTUAL BACKGROUND[2]

Bonnie Brae is a fruit farm located in Adams County, Pennsylvania that produces apples and other crops.  (Doc. 11 at 2).  Bonnie Brae renewed its contract for crop insurance with R&H and ACE for crop year 2011, which was accepted by the issuance of Policy MP-0031526, comprised of a Common Crop Insurance Policy and Apple Crop Insurance Provisions.  (Doc. 1 ¶ 1).  The Common Crop Insurance Policy and Apple Crop Insurance Provisions are federal regulations published by the Federal Crop Insurance Corporation ("FCIC") at 7 C.F.R. § 457.8 and 7 C.F.R. § 457.158, respectively.  The FCIC is a wholly-owned government corporation within the United States Department of Agriculture and administers the federal crop insurance program under the Federal Crop Insurance Act.  *See* 7 U.S.C. §§ 1501-1524.  The Risk Management Agency ("RMA"), another agency within the U.S. Department of Agriculture, supervises the FCIC and has authority over the delivery of insurance programs authorized by the Federal Crop Insurance Act.  *See* 7 U.S.C. § 6933(b).  The Common Crop Insurance Policy states that "[p]rocedures (handbooks, manuals, memoranda, and bulletins) issued by [the FCIC] and published on the RMA's Web site" will be "used in the administration

---

[2] The facts below are taken from Plaintiff's motion (Doc. 1) and brief in support thereof (Doc. 3 at 3-8), the "Counter-Statement of Facts" portion of Defendants' brief in opposition (Doc. 11 at 2-7), and the findings of fact reflected in the arbitrator's award (Doc. 1, Ex. 1).  The facts summarized here are undisputed unless otherwise noted.

of this policy, including the adjustment of any loss or claim submitted hereunder."
7 C.F.R. § 457.8.

On August 25, 2010, the FCIC/RMA published a Final Rule, 75 Fed. Reg. 52218, amending the Apple Crop Insurance Provisions for crop year 2011 and successive crop years. (Doc. 1 ¶ 10). The amendments require the insured to meet the definition of "fresh apple production," which requires the grower to provide verifiable records showing that at least fifty percent (50%) of the production from acreage reported as fresh apple acreage from each unit was sold as fresh apples in one or more of the four most recent crop years, in order to establish eligibility for insurance coverage. (Doc. 1 ¶ 11). On December 22, 2010, the FCIC/RMA issued a Memorandum, PM-10-071, adding a requirement that "verifiable records" must reflect that the value received by the grower was consistent with the value of fresh apple production. (Doc. 1 ¶ 15).

Bonnie Brae sustained damage to its apple crop during crop year 2011 and filed a claim with R&H/ACE. (Doc. 1 ¶ 20). In response, R&H/ACE requested verification that at least 50% of Bonnie Brae's production from fresh apple acreage from each unit was sold as fresh apples in one or more of the previous four crop years. (Doc. 1 ¶ 23). Bonnie Brae designated 2010 as the crop year for making this determination and reported total production of 276,216.9 bushels of apples

from its insured acreage (Doc. 1 ¶¶ 23, 24). Thus, at least 136,608.45 of those bushels must have been sold as fresh.

The parties differ in their interpretations of what percentage of Bonnie Brae's insured fresh apple acreage production was sold as fresh apples. Bonnie Brae argues in its motion that the correct figure is 64.3 percent. (Doc. 1 ¶ 25). Defendants argue that the correct figure is the percentage determined by the arbitrator – 34.3 percent. (Doc. 11 at 7; Doc. 1 Ex. 1 at 7). Due to the parties' competing interpretations of the contractual provisions at issue, counsel for Plaintiff and Defendants each submitted a request for a Final Agency Determination to the RMA in September of 2012. (Doc. 1 Ex. 1 at 7). On November 13, 2012, the RMA issued a Final Agency Determination, FAD-172, clarifying the meaning of the phrase "sold, or could be sold" as it appears in the definition of "fresh apple production" in the Apple Crop Insurance Provisions. (Doc. 1 Ex. 7). The final paragraph of FAD-172 states that "[i]n accordance with 7 C.F.R. 400.765(c), this constitutes the Final Agency Determination and is binding on all participants in the Federal crop insurance program for crop years the above stated provisions are in effect." (Doc. 1 Ex. 7).

On December 19, 2012, the arbitrator issued an opinion (Doc. 1 Ex. 1) applying the meaning of "fresh apple production" as defined in FAD-172 to the

accepted evidence and finding that Plaintiff had failed to prove that it sold more than fifty percent of its apples as fresh apples in 2010.

## IV. DISCUSSION

As noted above, the vacation of an arbitration award is an extraordinary remedy. In the absence of misconduct, an arbitration award may only be vacated in an extreme situation where the award is so irrational that there is "absolutely no support at all in the record justifying the arbitrator's determinations." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 295 (3d Cir. 2010) (internal citations omitted). We need not and will not address whether the Court agrees with the arbitrator's conclusions, but we can say with confidence that Plaintiff has failed to rebut the heavy presumption in favor of preserving arbitration awards.

Plaintiff's brief in support of its motion contains four arguments: (1) that the provision of the Common Crop Insurance Policy purporting to make determinations by the FCIC/RMA binding in arbitration and subsequent judicial review are beyond the scope of the authority granted to the FCIC/RMA under the Federal Crop Insurance Act; (2) that the FCIC/RMA's retroactive interpretation of "fresh apple production" is inconsistent with the regulations and therefore beyond the scope of authority granted to the FCIC/RMA under the Federal Crop Insurance

Act; (3) that the award, in which the arbitrator stated he was compelled to follow FAD-172, was beyond the scope of the arbitrator's authority; and (4) that the award was beyond the scope of the arbitrator's authority because it conflicts with the express terms of the agreement and that following FAD-172 constitutes a change in the contract after the contract change date. (Doc. 3 at 8-9).

Plaintiff's arguments do not directly address the "irrationality" standard but are rather an attempt to relitigate the merits of the Arbitration Award. We will not follow Plaintiff down that path. The question before us is not whether the policy interpretation contained in FAD-172 should be binding or is correct as a matter of law. The question properly before us, boiled down to its essence, is whether the arbitrator acted rationally in adopting that policy interpretation and, as a direct result, determining that Plaintiff was not entitled to the fresh apple indemnity payment it had requested. If the arbitrator's decision to adopt FAD-172 and apply it to the other evidence before him was irrational, Plaintiff will prevail. If not, Plaintiff's motion must be denied.

After reviewing the documents submitted to the Court, we do not find that the arbitrator acted irrationally. When presented with competing interpretations of the terms of the insurance agreement, the arbitrator relied on a Final Agency Determination issued by the RMA interpreting the language of a federal regulation

8

published by the FCIC.  We cannot say that it is irrational as a matter of law to adopt the Department of Agriculture's interpretation of its own regulations.  In order for Plaintiff to prevail, the issuance of FAD-172 and/or the interpretation advanced by it would need to be so detestable that it would be irrational for an arbitrator to apply it.  The record does not support that conclusion.  The arbitrator found that "[t]here is no evidence that FCIC's construction of the term "sold" or interpretation of the Apple Crop Provisions in FAD-172 violates the Constitution, is inconsistent with the regulations themselves, is plainly erroneous, or is otherwise vague." (Doc. 1, Ex. 1 at 6).  The arbitrator examined the evidence and the law to reach a conclusion rationally based on his findings.

It is ultimately irrelevant whether this Court agrees or disagrees with the content of FAD-172 or might reach an different conclusion if it were reviewing the evidence *de novo*.  The arbitrator reasonably relied on the evidence before him, including but not limited to FAD-172, in making his determination.  Therefore, Plaintiff's motion must be denied.

## V.  CONCLUSION

For the foregoing reasons, we shall deny Plaintiff's Motion to Vacate Award of Arbitrator (Doc. 1).  Thus, because Plaintiff's motion initiated the action, the case shall be dismissed with prejudice.  An appropriate Order shall issue.

9